JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Pamela Parks and Jim Parks
12252 Private Drive 5204, Rolla, MO 65401

**(b)** County of Residence of First Listed Plaintiff   Phelps
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Joshua M. Mankoff, Esq. - Lopez McHugh, LLP
1123 Admiral Peary Way, Phila, PA  19112
jmankoff@lopezmchugh.com     (215) 952-6910

## DEFENDANTS

PFIZER, INC.
235 East 42nd Street, New York, New York 10017

County of Residence of First Listed Defendant   New York, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☒ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Product liability based on use of pharmaceutical Lipitor

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
03/28/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joshua M. Mankoff

**MAR 31 2014**

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _4607 Woodmore View Circle, Chattanooga, TN 37411_

Address of Defendant: _235 East 42nd Street, New York, NY 10017_

Place of Accident, Incident or Transaction: _4607 Woodmore View Circle, Chattanooga, TN 37411_

*(Use Reverse Side For Additional Space)*

**14  1886**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☒  No☐

*RELATED CASE, IF ANY:*

Case Number: _MDL 2:14-mn-02502-RMG_  Judge _Richard M. Gergel_    Date Terminated: _Not Applicable_

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Joshua Mankoff, Esq._ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3/27/14_    _/s/ Joshua Mankoff_    210242

Attorney-at-Law    Attorney I.D.#

**MAR 3 1 2014**

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/27/14_    _/s/ Joshua Mankoff_    210242

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PAMELA PARKS and            :
JIM PARKS                   :            CIVIL ACTION
            v.              :            **14  1886**
PFIZER, INC.                :
                            :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x)

| 3/28/14 | Joshua Mankoff, Esq. | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-952-6910 | 215-952-6914 | jmankoff@lopezmchugh.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 3 1 2014

# LOPEZ MCHUGH LLP
ATTORNEYS & COUNSELORS AT LAW

www.LopezMcHugh.com

C A L I F O R N I A    ·    N E W    J E R S E Y    ·    P E N N S Y L V A N I A

Joshua M. Mankoff
Member Pennsylvania Bar
jmankoff@lopezmchugh.com

Reply To:
Philadelphia Office

March 28, 2014

**VIA OVERNIGHT DELIVERY**
Michael E. Kunz, Clerk of Court
Clerk's Office
U.S. District Court, ED of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:    <u>Parks, Pamela v. Pfizer, Inc.</u>

Dear Mr. Kunz:

Enclosed for filing please find the original and a partial copy of a Complaint for the above-captioned action.  Also enclosed are one civil cover sheet; two copies of the Designation Form; one Case Management Track Form; a computer disk with the documents in PDF format; a check for the $400 filing fee; and a return envelope for the partial copy.

Please contact my office if there are any questions.  Thank you for your attention to this matter.

Yours very truly,

**LOPEZ MCHUGH, LLP**

/S/MK

JOSHUA M. MANKOFF

Enclosures

---

100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Phone (949) 737-1501 · Fax (949) 737-1504

712 East Main Street, Suite 2A
Moorestown, NJ 08057
Phone (856) 273-8500 · Fax (856) 273-8502

1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112
Phone (215) 952-6910 · Fax (215) 952-6914





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAMELA PARKS and** | ) | **CASE NO.: 14    1886** |
| **JIM PARKS** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **PFIZER, INC.,** | ) | **FOR JURY TRIAL** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

FILED

MAR 31 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

The Plaintiffs, Pamela Parks and Jim Parks, by and through their undersigned attorneys, hereby sue the Defendant, Pfizer Inc., which has its principal place of business at 235 East 42nd Street, New York, New York 10017, and allege as follows:

### BACKGROUND

1.      This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and sale of Lipitor (also known as ATORVASTATIN CALCIUM).

### PARTIES

2.      Plaintiffs are natural persons and residents of the State of Missouri.

3.      At all times relevant to this action, Plaintiff, Pamela Parks, was and remains a resident and citizen of Phelps County, Missouri.

4.      At all times relevant to this action, Plaintiff, Jim Parks, was and remains a resident and citizen of Phelps County, Missouri.

5.      At all times relevant hereto, Plaintiff, Pamela Parks, was married to and resided with Plaintiff Jim Parks.

6.      At all times herein mentioned, Defendant was and is a corporation existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, and doing business within this judicial district.

7.      At all times herein mentioned, Defendant, in interstate commerce and in this judicial district, advertised, promoted, supplied, and sold to distributors and retailers for resale to physicians, hospitals, medical practitioners, and the general public a certain pharmaceutical product, Lipitor.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and cost, and because, among other reasons, Defendant has significant contacts with this district by virtue of doing business within this judicial district.

9.      Venue is proper within this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## FACTUAL ALLEGATIONS

10.     At all times herein mentioned, Defendant, by and through its agents, servants, and/or employees failed to adequately warn physicians and consumers, including Plaintiff, of the risk of developing diabetes from Lipitor.

2

11.     Lipitor is an HMG-CoA reductase inhibitor and a member of a class of drugs known as statins.

12.     Lipitor is prescribed to reduce the amount of cholesterol and other fatty substances in the blood.

13.     Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company obtained approval from the Food and Drug Administration to market Lipitor on December 17, 1996. Warner-Lambert entered into a co-marketing agreement with Defendant to sell Lipitor, and thereafter those companies began distributing and selling Lipitor throughout the United States in 1997. On June 19, 2000, Defendant acquired Warner-Lambert and all rights to Lipitor.

14.     Despite its knowledge of data indicating that Lipitor use is causally related to the development of type 2 diabetes and/or blood glucose levels diagnostic for type 2 diabetes, Defendant promoted and marketed Lipitor as safe and effective for persons such as Plaintiff, throughout the United States, including this judicial district.

15.     On August 11, 2011, the Division of Metabolism and Endocrinology Products of the FDA requested that Defendant make labeling changes for Lipitor based upon the FDA's comprehensive review, including clinical trial data.

16.     In February 2012, Defendant complied with the FDA request and added the following language to its Warnings and Precautions Section: "Increases in HbA1c and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including Lipitor."

17.     Until the February 2012 change, Lipitor's label had never warned patients of any potential relation between changes in blood sugar levels and taking Lipitor.

18.    Despite the February 2012 label change, Lipitor's label continues to fail to warn consumers of the serious risk of developing type 2 diabetes per se when using Lipitor.

19.    At all times material hereto, Defendant knew or should have known that the risks of Lipitor included the severe and life-threatening complications of type 2 diabetes.

20.    At all times material hereto, Defendant, by and through its agents, servants, and/or employees, negligently, recklessly and/or carelessly marketed, distributed, and/or sold Lipitor without adequate instructions or warnings of the drug's serious side effects and unreasonably dangerous risks.

21.    Lipitor represented approximately 25 percent of Defendant's annual revenue between 2001 and 2011.

22.    Defendant spent approximately $1.5 billion in advertising directly to consumers.

23.    Before its patent expired, Defendant spent over $600 million per year to market Lipitor.

24.    At the time the FDA approved Lipitor, there were at least four safe and effective statin drugs on the market, and at least five drugs that safely and effectively lowered cholesterol.

25.    Lipitor is rapidly absorbed after oral administration; maximum plasma concentrations occur within 1 to 2 hours. The absolute bioavailability of atorvastatin (parent drug) is approximately 14% and the systemic availability of HMG-CoA reductase inhibitory activity is approximately 30%.

26.    The absorption and bioavailability of Lipitor differs substantially depending on the patient profile, including whether a patient is male or female, and the age of the patient.

27.    Lipitor has not been shown to be effective in women.

4

28.     Mean plasma elimination half-life of Lipitor in humans is approximately 14 hours, but the half-life of inhibitory activity for HMG-CoA reductase is 20 to 30 hours due to the contribution of active metabolites.

29.     Plaintiff, Pamela Parks, was prescribed Lipitor and used it as directed from approximately 1998 until approximately 2011.

30.     Plaintiff, Pamela Parks, was prescribed Lipitor to lower her levels of low-density lipoprotein ("LDL") and as a primary prevention measure to decrease her risk of developing cardiovascular disease ("CVD").

31.     Plaintiff, Pamela Parks, was very healthy prior to taking Lipitor.

32.     In keeping with her healthy and proactive lifestyle, Plaintiff, Pamela Parks, agreed to initiate Lipitor treatment in an effort to reduce her risk of developing heart disease.

33.     Plaintiff, Pamela Parks, relied on claims made by Defendant that Lipitor has been clinically shown to reduce the risk of developing heart disease and was generally safe and effective. These claims reached Plaintiff directly, through print and television advertising, and indirectly, through her healthcare providers and others who have been exposed to Defendant's claims through its comprehensive marketing campaigns.

34.     Plaintiff Pamela Parks' prescribing and treating physicians relied on claims made by Defendant that Lipitor has been clinically shown to reduce the risk of developing heart disease and was generally safe and effective. These claims reached Plaintiff's prescribing and treating physicians directly, through print and television advertising, articles and study reports funded and promoted by Defendant, and indirectly, through other healthcare providers and others who have been exposed to Defendant's claims through its comprehensive marketing campaigns.

35.    Despite her healthy weight and diet, Plaintiff, Pamela Parks, developed type 2 diabetes after initiating her Lipitor treatment.

36.    Plaintiff, Pamela Parks, was diagnosed with type 2 diabetes on or about April 22, 2009.

37.    As a result, for the rest of her life, Plaintiff, Pamela Parks, must undergo regular testing of her blood glucose levels, adhere to a restrictive diabetic diet, and take medication to control her diabetes. Due to her diabetes, she is now at markedly increased risk of heart disease, blindness, neuropathy, and kidney disease.

38.    Had Defendant properly disclosed the risks associated with Lipitor, Plaintiff, Pamela Parks, would have avoided the risk of diabetes by either not using Lipitor at all or by closely monitoring her blood glucose levels to see if the drug was adversely affecting her metabolism.

39.    As a direct, proximate, and legal result of Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of the drug Lipitor, Plaintiff, Pamela Parks, suffered severe and permanent physical and emotional injuries, including, but not limited to type 2 diabetes. Plaintiff has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur similar expenses in the future. Plaintiff seeks actual and punitive damages from Defendant as alleged herein.

## FIRST CAUSE OF ACTION
### [Product Liability – Failure to Warn]

40.    Plaintiffs incorporate by reference all paragraphs in this complaint.

41.    Defendant has engaged in the business of selling, distributing, supplying, manufacturing, marketing, and/or promoting Lipitor, and through that conduct has knowingly

and intentionally placed Lipitor into the stream of commerce with full knowledge that it reaches consumers such as Plaintiff who ingested it.

42.    Defendant did in fact sell, distribute, supply, manufacture, and/or promote Lipitor to Plaintiff and to her prescribing physicians. Additionally, Defendant expected the Lipitor that it was selling, distributing, supplying, manufacturing, and/or promoting to reach – and Lipitor did in fact reach – prescribing physicians and consumers, including Plaintiff and her prescribing physicians, without any substantial change in the condition of the product from when it was initially distributed by Defendant.

43.    At all times herein mentioned, Lipitor was defectively and unsafely manufactured, packaged, supplied, marketed, and sold and was unreasonably dangerous to the user, and was so at the time it was distributed by Defendant and ingested by Plaintiff. The defective condition of Lipitor was due in part to the fact that it was not accompanied by proper warnings regarding the possible side effect of developing diabetes as a result of its use.

44.    This defect caused serious injury to Plaintiff, who used Lipitor in its intended and foreseeable manner.

45.    At all times herein mentioned, Defendant had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings, and take steps to assure that Lipitor did not cause users to suffer from unreasonable and dangerous side effects.

46.    Defendant so negligently and recklessly labeled, distributed, and promoted the aforesaid product that it was dangerous and unsafe for the use and purpose for which it was intended.

47.     Defendant negligently and recklessly failed to warn of the nature and scope of the side effects associated with Lipitor, namely diabetes.

48.     Defendant was aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendant knew or should have known that Lipitor caused serious injuries, it failed to exercise reasonable care to warn of the dangerous side effect of developing diabetes from Lipitor use, even though this side effect was known or reasonably scientifically knowable at the time of distribution. Defendant willfully and deliberately failed to avoid the consequences associated with its failure to warn, and in doing so, Defendant acted with a conscious disregard for the safety of Plaintiff.

49.     Plaintiff could not have discovered any defect in Lipitor through the exercise of reasonable care.

50.     Defendant, as the manufacturer and/or distributor of Lipitor, is held to the level of knowledge of an expert in the field.

51.     Plaintiff reasonably relied upon the skill, superior knowledge, and judgment of Defendant.

52.     Had Defendant properly disclosed the risks associated with Lipitor, Plaintiff would have avoided the risk of diabetes by either not using Lipitor at all or by closely monitoring her blood glucose levels to see if the drug was adversely affecting her metabolism.

53.     As a direct and proximate result of the carelessness, negligence, recklessness, and gross negligence of Defendant, Lipitor caused Plaintiff to sustain injuries.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed

8

by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court

deems just and proper; and further, demand a trial by jury of all issues.

**SECOND CAUSE OF ACTION**
**[Negligence]**

54.     Plaintiffs incorporate by reference all paragraphs in this complaint.

55.     At all times material hereto, Defendant had a duty to exercise reasonable care to

consumers, including Plaintiff, in the design, development, manufacture, testing, inspection,

packaging, promotion, marketing, distribution, labeling, and/or sale of Lipitor.

56.     Defendant breached its duty of reasonable care to Plaintiff in that it negligently

promoted, marketed, distributed, and labeled Lipitor.

57.     Plaintiff's injuries and damages were and are the direct and proximate result of

the carelessness and negligence of Defendant, including, but not limited to, one or more of the

following particulars:

(a)     In its design, development, research, manufacture, testing, packaging,

promotion, marketing, sale, and/or distribution of Lipitor;

(b)     In its failure to warn or instruct, and/or adequately warn or adequately

instruct, users of Lipitor, including Plaintiff, of Lipitor's dangerous and defective characteristics;

(c)     In its design, development, implementation, administration, supervision,

and/or monitoring of clinical trials for Lipitor;

(d)     In its promotion of Lipitor in an overly aggressive, deceitful, and

fraudulent manner, despite evidence as to the product's defective and dangerous characteristics

due to its propensity to cause diabetes;

(e)     In representing that Lipitor was safe for its intended use when, in fact, the

product was unsafe for its intended use;

9

(f)     In failing to perform appropriate pre-market testing of Lipitor;

(g)     In failing to perform appropriate post-market surveillance of Lipitor;

(h)     In failing to adequately and properly test Lipitor before and after placing it on the market;

(i)     In failing to conduct sufficient testing on Lipitor which, if properly performed, would have shown that Lipitor had the serious side effect of causing type 2 diabetes;

(j)     In failing to adequately warn Plaintiff and her healthcare providers that the use of Lipitor carried a risk of developing type 2 diabetes and that patients' blood glucose should be closely monitored;

(k)     In failing to provide adequate post-marketing warnings or instructions after Defendant knew or should have known of the significant risk of diabetes associated with the use of Lipitor; and

(l)     In failing to adequately and timely inform Plaintiff and the healthcare industry of the risk of serious personal injury, namely diabetes, from Lipitor ingestion.

58.     Defendant knew or should have known that consumers, such as Plaintiff, would foreseeably suffer injury as a result of Defendant's failure to exercise reasonable and ordinary care.

59.     As a direct and proximate result of Defendant's carelessness and negligence, Plaintiff suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes. Plaintiff has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur similar expenses in the future. Plaintiff seeks actual and punitive damages from Defendant.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

## THIRD CAUSE OF ACTION
### [Product Liability – Breach of Implied Warranty]

60.     Plaintiffs incorporate by reference all paragraphs in this complaint.

61.     At all times mentioned herein, Defendant manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and sold Lipitor, and prior to the time that it was prescribed to Plaintiff, Defendant impliedly warranted to Plaintiff that Lipitor was of merchantable quality and safe and fit for the use for which it was intended.

62.     Plaintiff, individually and through her prescribing physicians, reasonably relied upon the skill, superior knowledge, and judgment of Defendant.

63.     Plaintiff was prescribed, purchased, and used Lipitor for its intended purpose.

64.     Due to Defendant's wrongful conduct, Plaintiff could not have known about the nature of the risks and side effects associated with Lipitor until after she used it.

65.     Contrary to the implied warranty for Lipitor, it was not of merchantable quality, and it was neither safe nor fit for its intended uses and purposes.

66.     As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes. Plaintiff has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur similar expenses in the future. Plaintiff seeks actual and punitive damages from Defendant.

11

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

### FOURTH CAUSE OF ACTION
### [Fraud]

67.     Plaintiffs incorporate by reference all paragraphs in this complaint.

68.     Defendant misrepresented to Plaintiff, her prescribing physicians, and the healthcare industry the safety and effectiveness of Lipitor and/or fraudulently, intentionally, and/or negligently concealed material information, including adverse information, regarding the safety and effectiveness of Lipitor.

69.     Defendant made misrepresentations and actively concealed adverse information when Defendant knew, or should have known, that Lipitor had defects, dangers, and characteristics that were other than what Defendant had represented to Plaintiff and the healthcare industry generally. Specifically, Defendant actively concealed from Plaintiff, her prescribing physicians, the health care industry, and the consuming public that:

(a)     Since at least 1996 Defendant and/or its predecessors were in possession of data demonstrating that Lipitor increases the risk of type 2 diabetes and the risk of increased blood glucose to levels diagnostic for type 2 diabetes;

(b)     There had been insufficient studies by Defendant and/or its predecessors regarding the safety and efficacy of Lipitor in women before and after its product launch;

12

(c)     Lipitor was not fully and adequately tested by Defendant and/or its predecessor for the risk of developing type 2 diabetes; and

(d)     Testing and studies by other entities as reported in the scientific literature has shown that the use of Lipitor increases the risk of type 2 diabetes.

70.     These misrepresentations and/or active concealment alleged were perpetuated directly and/or indirectly by Defendant.

71.     Defendant knew or should have known that these representations were false, and it made the representations with the intent or purpose of deceiving Plaintiff, her prescribing physicians, and the healthcare industry.

72.     Defendant made these false representations with the intent or purpose that Plaintiff, her prescribing physicians, and the healthcare industry would rely on them, leading to the use of Lipitor by Plaintiff as well as the general public.

73.     At all times herein mentioned, neither Plaintiff nor her physicians were aware of the falsity of the statements being made by Defendant and believed them to be true. Had they been aware of said facts, her physicians would not have prescribed and Plaintiff would not have use Lipitor.

74.     Plaintiff justifiably relied on and/or was induced by Defendant's misrepresentations and/or active concealment and relied on the absence of safety information which Defendant did suppress, conceal, or fail to disclose to Plaintiff's detriment.

75.     Defendant had a post-sale duty to warn Plaintiff, her prescribing physicians, and the general public about the potential risks and complications associated with Lipitor in a timely manner.

13

76.    Defendant made the representations and actively concealed information about the defects and dangers of Lipitor with the intent and specific desire that Plaintiff's prescribing physicians and the consuming public would rely on this information, or the absence of information, in selecting Lipitor as a treatment.

77.    As a result of the concealment and/or suppression of the facts set forth above, Plaintiff ingested Lipitor and suffered injuries.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

## FIFTH CAUSE OF ACTION
### [Constructive Fraud]

78.    Plaintiffs incorporate by reference all paragraphs in this complaint.

79.    Defendant committed actual fraud by making material representations which were false, knowing that the representations were false, and/or with reckless disregard for the truth or falsity of the representations with the intent that Plaintiff and her prescribing physicians would rely on them.

80.    Plaintiff and her prescribing physicians were unaware of the falsity of these representations, they acted in actual and justifiable reliance on them, and Plaintiff was injured as a direct and proximate result.

81.    Additionally, Defendant knowingly omitted material information and remained silent regarding said misrepresentations despite the fact that it had a duty to inform Plaintiff, her prescribing physicians, and the general public of the inaccuracy of said misrepresentations,

which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiff and her prescribing physicians would rely on Defendant's misrepresentations. Plaintiff and her prescribing physicians did, in fact, act in actual and justifiable reliance on Defendant's representations, and Plaintiff was injured as a result.

82.     At all times herein mentioned, Defendant had a duty to Plaintiff, her prescribing physicians, and the general public to accurately inform them of risks associated with its product Lipitor because Defendant, as the manufacturer of Lipitor, was in a position of superior knowledge and judgment regarding any potential risks associated with its product Lipitor.

83.     Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiff relating to the Lipitor at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

84.     In breaching its duties to Plaintiff, Defendant used its position of trust as the manufacturer of Lipitor to increase sales of the drug at the expense of informing Plaintiff that, by ingesting Lipitor, she was placing herself at a significantly-increased risk of developing type 2 diabetes.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

### SIXTH CAUSE OF ACTION
**[Unjust Enrichment]**

85.     Plaintiffs incorporate by reference all paragraphs in this complaint.

15

86.    Plaintiff conferred a benefit on Defendant by purchasing Lipitor.

87.    Plaintiff, however, did not receive a safe and effective drug for which she paid.

88.    It would be inequitable for Defendant to retain this money because Plaintiff did not, in fact, receive a safe and efficacious drug.

89.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendant has been unjustly enriched at the expense of Plaintiff, who hereby seeks the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and all other relief the Court deems just and proper to remedy Defendant's unjust enrichment.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

## SEVENTH CAUSE OF ACTION
### [Punitive Damages]

90.    Plaintiffs incorporate by reference all paragraphs in this complaint.

91.    At all times material hereto, Defendant knew or should have known that Lipitor was inherently dangerous with respect to the risk of diabetes.

92.    At all times material hereto, Defendant attempted to misrepresent and did misrepresent facts concerning the safety of Lipitor.

93.    Defendant's misrepresentations included knowingly withholding material information from the medical community and the public, including Plaintiff, concerning the safety of Lipitor.

16

94.     At all times material hereto, Defendant knew and recklessly disregarded the fact that Lipitor causes the chronic illness diabetes.

95.     Notwithstanding the foregoing, Defendant continued to aggressively market Lipitor to consumers, including Plaintiff, without disclosing the aforesaid side effect.

96.     Defendant knew of Lipitor's lack of warnings regarding the risk of diabetes, but it intentionally concealed and/or recklessly failed to disclose that risk and continued to market, distribute, and sell Lipitor without adequate warnings so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by Lipitor.

97.     Defendant's intentional and/or reckless failure to disclose information deprived Plaintiff of necessary information to enable her to weigh the true risks of using Lipitor against its benefits.

98.     As a direct and proximate result of Defendant's willful, wanton, careless, reckless, conscious, and deliberate disregard for the rights and safety of its consumers, Plaintiff suffered severe and permanent physical and emotional injuries, including, but not limited to, type 2 diabetes. Plaintiff has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff's injuries and damages are permanent and will continue into the future.

99.     Defendant's aforesaid conduct was committed with knowing, conscious, careless, reckless, willful, wanton, and deliberate disregard for the rights and safety of consumers, including Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant and deter it from similar conduct in the future.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

### EIGHTH CAUSE OF ACTION
### [Loss of Consortium]

100.    Plaintiffs incorporate by reference all paragraphs in this complaint.

101.    At all times relevant hereto, Plaintiff Jim Parks was the husband of Plaintiff Pamela Parks.

102.    As a direct and proximate result of the Defendants' actions as described herein, Plaintiff Jim Parks has suffered the loss of his wife's services, companionship, society, and consortium, emotional distress and mental anguish, and he will continue to suffer such loss and damages in the foreseeable future.

103.    As a further result of the negligence and other misconduct of the Defendants, plaintiff-husband, Mr. Parks has incurred losses of his own and has been caused to expend various sums of money for his wife's treatment and care.

WHEREFORE, Plaintiffs make a demand for judgment against Defendants, and request compensatory damages for pain and suffering, payment for the medical costs and expenses incurred, punitive and exemplary damages, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees as allowed by law, and any and all other relief the Court deems just and proper; and further, demand a trial by jury of all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as follows:

(a)     For general damages in a sum in excess of the jurisdictional minimum of this Court;

(b)     For medical, incidental, and hospital expenses according to proof;

(c)     For pre-judgment and post-judgment interest as provided by law;

(d)     For full refund of all purchase costs Plaintiff paid for Lipitor;

(e)     For compensatory damages in excess of the jurisdictional minimum of this Court;

(f)     For consequential damages in excess of the jurisdictional minimum of this Court;

(g)     For punitive damages in an amount in excess of any jurisdictional minimum of this Court and in an amount sufficient to impress upon Defendant the seriousness of its conduct and to deter similar conduct in the future relative to its total wealth;

(h)     For attorneys' fees, expenses, and costs of this action; and

(i)     For all further relief this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts and as to all issues.


Dated: _3/28/14_____     By: _/s/ Joshua M. Mankoff_
                            Joshua M. Mankoff, Esquire
                            **Lopez McHugh, LLP**
                            1123 Admiral Peary Way
                            Quarters K
                            Philadelphia, PA 19112
                            (215) 952-6910
                            jmankoff@lopezmchugh.com

                            *Attorneys for Plaintiffs*